IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TJ THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | JURY DEMANDED |
| | ) | |
| vs. | ) | |
| | ) | Case No. 25 C 0077 |
| POOH BAH ENTERPRISES, INC., | ) | |
| d/b/a Rick's Cabaret Chicago, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff TJ Thomas ("Plaintiff"), through his attorneys, KULWIN, MASCIOPINTO & KULWIN, L.L.P., states his complaint against defendant Pooh Bah Enterprises, Inc. d/b/a Rick's Cabaret Chicago, ("Defendant").

### Summary of the Case

1. In 2018, Defendant hired Plaintiff to work as a Host at Rick's Cabaret, a prominent Gentlemen's Club in Chicago featuring semi-nude dancers and entertainers. Plaintiff, who is male, was among the few male employees working for Defendant at Rick's Cabaret.

2. Over years, Plaintiff's dedication and hard work paved the way for a promising ascent within Defendant's leadership ranks. In February 2022, Defendant promoted Plaintiff to the Day Shift Manager position.

3. In June 2022, two female waitresses reported to Plaintiff that the Club's General Manager, Brett Polulak, was sexually harassing them.

1

4. On June 16, 2022, in an effort to protect the club and advocate for the safety of the women who worked there, Plaintiff escalated the report to Defendant's Regional Manager.

5. Two days later, on June 18, 2022, Plaintiff was fired.

6. Defendant provided false and pretextual reasons for discharging Plaintiff. Specifically, Defendant claimed Plaintiff was discharged for engaging in misconduct, however, Defendant did not terminate similarly situated female employees for engaging in the same or similar conduct.

7. In fact, Defendant did not have a legitimate reason for discharging Plaintiff and did not honestly believe grounds existed to discharge Plaintiff.

8. In reality, Plaintiff was discharged in retaliation for engaging in protected activity by reporting and opposing sexual harassment in the workplace.

9. Further, in so doing, Defendant also discriminated against Plaintiff based on his sex (male) by treating similarly situated female employees better for engaging in the same or similar conduct for which he was discharged.

10. As alleged herein, Defendant willfully took adverse employment actions against Plaintiff for unlawful discriminatory and retaliatory reasons in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2200e ("Title VII"), and the Illinois Human Rights Act, 775 ILCS 5/1 *et seq.* ("IHRA").

## Jurisdiction

11. This Court has jurisdiction over the federal law claim under 28 U.S.C. §1331 and 28 U.S.C. §1343.

12. The Court has supplemental jurisdiction over the state law claim under 28 U.S.C. §1367(a).

13. Venue is proper in the Northern District of Illinois under 28 U.S.C. §1391(b) because the alleged events occurred within this judicial district.

14. Plaintiff timely filed a Charge of Discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission before filing this lawsuit.

15. Plaintiff timely filed this lawsuit after exhausting administrative remedies before the Illinois Department of Human Rights and the Equal Employment Opportunity Commission.

## Parties

16. Plaintiff is male.

17. During the relevant period, Plaintiff was an employee of Defendant working at Rick's Cabaret within the meaning of Title VII and the IHRA.

18. Defendant Pooh Bah Enterprises, Inc. owns and operates Rick's Cabaret, located at 1531 N. Kingsbury St., Chicago, IL 60642.

19. During the relevant period, Defendant was Plaintiff's employer within the meaning of Title VII and the IHRA.

## Facts Common to All Claims

20. Defendant owns and operates Rick's Cabaret (referred to here as the "Club"). The Club's employees are predominantly female.

21. In 2018, Defendant hired Plaintiff to work as a Host.

3

22. In February 2022, Defendant promoted Plaintiff to the position of Day Manager. Plaintiff's responsibilities included opening the Club, overseeing transactions in the semi-private "VIP Room," and allocating funds for bartenders, among other important responsibilities.

23. During the relevant period, Shaun Kevlin ("Kelvin") was employed as the Regional Manager and authorized by Defendant to supervise the Club's employees, including Plaintiff.

24. During the relevant period, Brett Polulak ("Polulak") was employed as the Club's General Manager and authorized by Defendant to supervise the Club's employees, including Plaintiff.

25. Throughout his employment, Plaintiff met or exceeded Defendant's legitimate employment expectations.

26. Throughout his employment, Plaintiff frequently went above and beyond the regular duties assigned to him. For example, he:

- Worked with the creator of the Club's proprietary point-of-sale system Clubtrax to upgrade ID scanning technology, making it able to auto-populate driver's license information instead of handwriting it saving precious time during high-dollar transactions corporation-wide.

- Designed and submitted an "App" which would increase revenue corporation-wide by increasing prepaid bottle packages with push-button ease.

- Chartered a yacht, hiring a drone pilot, and editing crew to make an executive-level promotional video for the Club.

- Created http://www.sistersofthestage.org during the pandemic, which helped to create a community of entertainers and independent contractors, as well as educate and update them on the pandemic relief fund.

4

• Completed four times the number of promotional events as his peers.

• Worked with the Chicago Board of Tourism and Directors of several adjoining Chambers of Commerce to foster alliances with community partners as well as the Alderman's office to advocate for industry legitimacy.

27. In a management meeting, Defendant's Regional Manager said that Plaintiff was the second-best manager he'd ever seen.

28. During Plaintiff's employment, Defendant fostered an environment where sexual harassment was commonplace at the Club. In effect, this conduct was normalized by Defendant and became part of the Club's culture and female employees everyday work environment.

29. For example, a class action lawsuit was filed by former female dancers who alleged that, during the same time period when Plaintiff worked at the Club, Plaintiff's supervisors allowed customers to repeatedly commit serious assaults and batteries against dancers, in view of management and bouncers, including grabbing and groping dancers and other outrageous acts.[1]

30. In or around June 2022, Defendant held a mandatory, all-staff sexual harassment training attended by Plaintiff and other employees as required under the Illinois Human Rights Act and the Workplace Transparency Act.

31. On or about June 15, 2022, following the mandatory sexual harassment training, two female cocktail waitresses reported to Plaintiff that Polulak was making unwanted sexual advances towards them.

---

[1] *See Corral., et al. v. Pooh Bah Enterprises, Inc., et al.,* Case No. 23-CV-1603 (N.D. 2023).

32. On or about June 16, 2022, Plaintiff reported to Kelvin that cocktail waitresses were being sexually harassed by Polulak.

33. Plaintiff participated in the sexual harassment report by reporting the harassment to his supervisor, among other ways.

34. Plaintiff also reported the harassment to his supervisor to oppose sexual harassment in the workplace, to protect the Club from harassers, and to help advocate for the women who worked at the Club.

35. On June 18, 2022, two days after Plaintiff reported the harassment, Defendant fired Plaintiff.

36. Defendant told Plaintiff he was fired for upselling to customers in the Club's VIP areas—a sales technique Plaintiff was trained to use by his supervisors, and a common technique frequently used by many other employees at the Club.

37. Defendant did not discharge female employees who used the same sales technique.

38. Defendant did not have a legitimate reason for terminating Plaintiff.

39. Defendant did not honestly believe legitimate grounds existed to discharge Plaintiff.

40. As a result of Defendant's conduct, Plaintiff suffered injury to his career, as well as other injuries for which he is entitled to actual and compensatory damages, as well as equitable relief including front pay.

41. Defendant's conduct was done with malice and/or with reckless indifference to Plaintiff's rights.

## Count I
## (Title VII)

42. Plaintiff incorporates by reference the paragraphs above.

43. At all relevant times, Defendant employed 15 or more employees and is therefore an employer within the meaning of Title VII.

44. At all relevant times, Defendant has been engaged in an industry affecting commerce within the meaning of Title VII.

45. Based upon, the foregoing facts, as well as others, Plaintiff was subjected to unlawful employment actions based on his sex (male) and/or in retaliation for engaging in protected activity by, among other ways, opposing sexual harassment in the workplace, participating in an employee's report of sexual harassment in the workplace, cooperating with the investigation regarding the sexual harassment report and providing truthful information as a witness during the investigation.

46. In direct violation of Title VII, Defendant retaliated against Plaintiff for engaging in protected activity by, among other ways, terminating Plaintiff for participating in a report of sexual harassment and/or opposing sexual harassment in the workplace.

47. In direct violation of Title VII, Defendant discriminated against Plaintiff based on his sex (male) by discharging him and treating similarly situated female employees more favorably.

48. In direct violation of Title VII, Defendant engaged in the discriminatory and/or retaliatory acts alleged herein and arising out of, and related to, Plaintiff's Charge of Discrimination.

49. As a result of Defendant's conduct, Plaintiff has suffered injury to his career, as well as other injuries for which he is entitled to actual and compensatory damages, as well as equitable relief including front pay.

50. Defendant's conduct was done with malice and/or with reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff requests the Court:

A. Declare that Defendant discriminated and/or retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.;*

B. Declare that Defendant engaged in a policy, custom, or practice that deprived Plaintiff of rights protected by Title VII;

C. Order Defendant to adopt and implement policies, procedures, and practices that will curtail and eliminate retaliation for protected activity;

D. Appoint an independent monitor to oversee Defendant's adoption and implementation of the required policies, practices and procedures and report to the Court;

E. Award Plaintiff actual and compensatory damages;

F. Award Plaintiff punitive damages;

G. Award Plaintiff lost back pay, front pay and benefits;

    H. Order Defendant to pay Plaintiff's reasonable attorney's fees and expenses, including expert costs; and

    I. Order all other appropriate relief as the interests of justice may require.

## Count II
### (Illinois Human Rights Act)

51. Plaintiff incorporates by reference the paragraphs above.

52. Plaintiff was an "employee" under the Illinois Human Rights Act ("IHRA").

53. Defendant was an "employer" under the IHRA.

54. The IHRA provides for an action for damages in favor of anyone whose rights to employment have been violated on account of his protected class and/or fpr engaging in protected activity.

55. In direct violation of the IHRA, Defendant retaliated against Plaintiff for engaging in protected activity by, among other ways, terminating Plaintiff.

56. In direct violation of the IHRA, Defendant discriminated against Plaintiff based on his sex (male) by discharging him and treating similarly situated female employees more favorably.

57. In direct violation of the IHRA, Defendant engaged in the discriminatory and/or retaliatory acts alleged herein and arising out of, and related to, Plaintiff's Charge of Discrimination.

58. As a result of Defendant's conduct, Plaintiff suffered actual damages, injuries to his career and other injuries for which he is entitled to actual and compensatory damages and equitable relief.

WHEREFORE, Plaintiff requests the Court:

A. Declare that Defendant intentionally violated the IHRA;

B. Declare that Defendant engaged in a policy, custom, or practice that deprived Plaintiff of rights protected by the IHRA;

C. Order Defendant to adopt and implement policies, procedures, and practices that will curtail discrimination and retaliation;

D. Appoint an independent monitor to oversee Defendant's adoption and implementation of the required policies, practices and procedures and report to the Court;

E. Award Plaintiff actual and compensatory damages;

F. Award Plaintiff lost back pay, front pay and benefits;

G. Order Defendant to pay Plaintiff's reasonable attorney's fees and expenses, including expert costs; and

H. Order all other appropriate relief as the interests of justice may require.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

    Respectfully submitted,

    /s/ Jeffrey R. Kulwin
    One of Plaintiff's Attorneys

Jeffrey R. Kulwin
KULWIN, MASCIOPINTO & KULWIN, L.L.P.
161 N. Clark, Suite 2500
Chicago, IL 60601
312-641-0300
jkulwin@kmklawllp.com