UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |  |
|---|---|---|---|
| TJ THOMAS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | No. 25-cv-77 | |
| v. | ) | | |
| | ) | Judge April M. Perry | |
| POOH BAH ENTERPRISES, INC., | ) | | |
| d/b/a RICK'S CABARET CHICAGO, | ) | | |
| | ) | | |
| Defendant. | ) | | |
| | ) | | |

## OPINION AND ORDER

TJ Thomas ("Plaintiff") brings this case against his former employer, Pooh Bah

Enterprises, Inc. ("Defendant"), under Title VII of the Civil Rights Act of 1964 ("Title VII") and

the Illinois Human Rights Act ("IHRA"). Doc. 1 ¶ 10. Specifically, Plaintiff alleges that

Defendant retaliated against him for opposing the sexual harassment of his colleagues and

discriminated against him because of his sex. *Id.* ¶¶ 42–58. Defendant now moves to dismiss

Plaintiff's complaint because of an agreement to arbitrate any disputes between them. Doc. 13.

Plaintiff claims the arbitration clause is unenforceable due to the Ending Forced Arbitration of

Sexual Assault and Sexual Harassment Act of 2021 ("EFAA"), 9 U.S.C. § 401 *et seq*. Doc. 22.

Because the Court concludes that the EFAA applies to this case, Defendant's motion to dismiss

is denied.

### BACKGROUND

According to the complaint, Defendant is the owner of Rick's Cabaret Chicago ("the

Club"), a "gentlemen's club" featuring semi-nude dancers. Doc. 1 ¶¶ 1, 18. Defendant employed

Plaintiff as a host at the Club from 2018 until February 2022, at which time Plaintiff was

promoted to day shift manager. *Id.* ¶¶ 1, 2, 5. Plaintiff was one of the few male employees at the Club. *Id.* ¶ 1.

The complaint alleges that during the time Plaintiff worked at the Club, Plaintiff's supervisors allowed customers to grab and grope dancers. *Id.* ¶¶ 28–29. In June 2022, the Club provided all staff with the sexual harassment training mandated by the Illinois Human Rights Act and the Workplace Transparency Act. *Id.* ¶ 30. Following that sexual harassment training, two female cocktail waitresses reported to Plaintiff that the Club's general manager, Brett Polulak, was making unwanted sexual advances towards them. *Id.* ¶¶ 24, 31. On or about June 16, 2022, Plaintiff communicated these reports to his regional manager, telling his manager that the employees were being sexually harassed. *Id.* ¶¶ 23, 32. Just two days later, Defendant terminated Plaintiff for "upselling to customers" in the Club's VIP areas, a technique that Plaintiff alleges his supervisors trained him to use. *Id.* ¶¶ 35–36.

## RELEVANT LAW

The Federal Arbitration Act ("FAA") requires "courts rigorously to enforce arbitration agreements according to their terms." *Wallace v. Grubhub Holdings, Inc.*, 970 F.3d 798, 800 (7th Cir. 2020) (quoting *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 506 (2018)). Under the FAA, a party seeking to enforce its arbitration agreement may file a motion to compel arbitration and stay litigation pending arbitration. 9 U.S.C. §§ 3, 4. "To compel arbitration, a party must show (1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration." *Kass v. PayPal, Inc.*, 75 F.4th 693, 700 (7th Cir. 2023).

The FAA was amended in 2022 by the EFAA. In relevant part, the EFAA provides that:

at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute … no predispute arbitration agreement or predispute joint-action

waiver shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute.

9 U.S.C. § 402(a). The EFAA defines "sexual harassment dispute" as "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." 9 U.S.C. § 401(4).

## ANALYSIS

At issue in this case is whether Plaintiff's case must be arbitrated. Plaintiff concedes that he had an agreement to arbitrate employment disputes with Defendant but claims that the EFAA renders the arbitration agreement unenforceable. Defendant responds that the EFAA does not apply because Plaintiff does not allege sufficient facts to state a plausible claim of sexual harassment under Title VII or the IHRA.[1] Defendant further argues that a retaliation claim based upon something that is not plausibly sexual harassment does not meet the EFAA's requirement that a case be related to a sexual harassment dispute. The Court disagrees with Defendant on both fronts.

First, the Court finds that Plaintiff has plausibly alleged sexual harassment. The IHRA prohibits employers from "engag[ing] in sexual harassment," 775 ILCS 5/2-102(D), which is defined as "any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment; (2) submission to or rejection of such conduct by an

---

[1] Defendant also complains that the complaint relies upon hearsay but cites no authority to support the proposition that hearsay is not permitted in complaints. In fact, complaints are often rife with hearsay – everything from the residence of a defendant to the value of the property in dispute is typically hearsay. And the common pleading of facts "on information and belief" explicitly relies on secondhand information. On a motion to compel arbitration, the Court accepts uncontested facts as true and contested facts are viewed in the light most favorable to the plaintiff. The Court has found no case that suggests that it should first apply the Rules of Evidence to the facts and only use those that would be admissible at trial.

3

individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of substantially interfering with an individual's work performance…". *Id.* at § 5/2-101(E). To state a sexual harassment claim in violation of Title VII, a plaintiff must allege that "(1) she endured unwelcome sexual harassment; (2) she was harassed because of her sex; (3) the harassment was so severe or pervasive that it altered the conditions of employment and created a hostile work environment; and (4) there is a basis for employer liability." *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 928 (7th Cir. 2017). On a motion to dismiss, the Court does not delve too deeply into the adequacy of allegations of a hostile work environment because "it is premature at the pleadings stage to conclude just how abusive [the] work environment was." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 834 (7th Cir. 2015). Instead, the relevant question is whether the allegations speak to an environment that "could plausibly be abusive." *Id*.

In this case, Plaintiff has alleged that in June 2022, the Club provided its employees with the sexual harassment training that is mandatory under the Illinois Human Rights Act and Workplace Transparency Act (the "Act"). The Act provides specific requirements for this training: employers must inform their employees about the federal and state laws concerning sexual harassment, they must provide a definition of sexual harassment to employees consistent with the Act and give examples of conduct that qualifies as sexual harassment, and they must tell employees about the role management has in preventing, investigating, and correcting sexual harassment. *See* 775 ILCS 5/2-109(B). Shortly after this training, two female employees reported to Plaintiff, a manager at the Club, that they had been sexually harassed and that the general manager of the Club was making unwanted sexual advances towards them. The Court believes it is a reasonable inference that the female employees – who had just been provided with the

4

relevant legal definitions and examples of sexual harassment – were prompted to complain because they had experienced sexual harassment. It is also a reasonable inference that when a cocktail waitress is subjected to sexual advances by the general manager of a so-called "gentleman's club," the waitress's submission to the conduct is either explicitly or implicitly a term or condition of employment. This is especially true in light of the allegations that management consistently turned a blind eye toward sexual assaults against the Club's dancers. The Court therefore finds it plausible that the female employees at the Club experienced sexual harassment. To the extent that the EFAA requires a plausible claim of sexual harassment be alleged, the Court concludes that Plaintiff's complaint makes that showing.

Even if Plaintiff's factual allegations did not plausibly allege a viable claim of sexual harassment, the Court does not agree with Defendant that the EFAA required Plaintiff to do so. The EFAA provides that when a "person alleging conduct constituting a sexual harassment dispute" elects to avoid application of an arbitration agreement, the agreement shall not be "valid or enforceable with respect to a case . . . [that] relates to the . . . sexual harassment dispute." 9 U.S.C. § 402(a). "Sexual harassment dispute," is defined as "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal … or State law." 9 U.S.C. § 401(4).

The Court begins with the plain meaning of the phrases "relates to" and "relating to." The ordinary meaning of "relating to" is "to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) (citing BLACK'S LAW DICTIONARY 1158 (5th ed. 1979)). Thus, a plain reading of the statute requires a plaintiff's dispute to pertain to, refer to, or have a connection with, sexual harassment. This clearly includes more than just claims of sexual

harassment. *See Morales*, 504 U.S. at 384 (noting that using the phrase "relate[s] to" in a statute indicates "broad scope," "expansive sweep," and a Congressional intent to be "deliberately expansive").[2] Indeed, the parties here agree that a claim of retaliation for having reported sexual harassment could be "a dispute relating to conduct alleged to constitute sexual harassment" within the meaning of the EFAA. *See* Doc. 25 at 7; *see also Olivieri v. Stifel, Nicolaus & Co., Inc.*, 112 F.4th 74, 92 (2d Cir. 2024) (noting that "retaliation resulting from a report of sexual harassment is related to conduct that is alleged to constitute sexual harassment.").

The question thus becomes what pleading standard the EFAA contemplates for the sexual harassment dispute. Defendant argues that the plaintiff's complaint must set forth plausible allegations that a defendant committed sexual harassment. Plaintiff responds that rather than requiring plausibility, the EFAA requires only a nonfrivolous claim of sexual harassment. To answer this question, the Court returns to the statutory text and notes Congress's use of the phrase "*alleged* to constitute sexual harassment." Adding the words "alleged to" to the phrase "constitute sexual harassment" means something different and broader than just "constitutes sexual harassment." *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) ("In construing a statute [courts] are obliged to give effect, if possible, to every word Congress used."). The meaning of "allege" is "[to] assert as true, [especially] that someone has done something wrong, though no occasion for definitive proof has yet occurred." BLACK'S LAW DICTIONARY (12th ed. 2024). To "allege" does not necessarily mean "to state a claim upon which relief can be granted."

---

[2] Congress's use of "relating to conduct that is alleged to constitute sexual harassment" is significantly broader than the language used to define "sexual assault dispute" in the EFAA. 9 U.S.C. § 401 (defining sexual assault dispute as "a dispute *involving* a nonconsensual sexual act or sexual contact") (emphasis added). Congress's choice to use different language must be given a meaningful construction. *Maine Cmty. Health Options v. U.S.*, 590 U.S. 296, 314 (2020) (courts "generally presume[] that when Congress includes particular language in one section of a statute but omits it in another, Congress intended a difference in meaning").

*See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (distinguishing between allegations and plausibly pled claims by stating "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."); *Diaz-Roa v. Hermes L., P.C.*, 757 F. Supp. 3d 498, 534 (S.D.N.Y. 2024) (providing examples of other statutes where Congress clearly expressed an intent to require that a person state a claim upon which relief can be granted, none of which use the language "allege"). By using the word "alleged" to modify "sexual harassment," the Court believes that Congress intended to reach more broadly than just plausible claims of sexual harassment. The Court therefore finds no textual support in the EFAA for Defendant's interpretation that the sexual harassment must be plausibly alleged for the EFAA to apply.

The Seventh Circuit has not yet addressed the pleading standard required under the EFAA. Those cases that have addressed the issue are split. *Compare Diaz-Roa v. Hermes Law, P.C.*, 757 F. Supp. 3d 498, 533 (S.D.N.Y. 2024) (holding that "a plaintiff need only plead nonfrivolous claims relating to sexual assault or to conduct alleged to constitute sexual harassment, with the sufficiency of those claims to be reserved for proper merits adjudication, be it a motion to dismiss, motion for judgment on the pleadings, motion for summary judgment, or trial."); *with Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563, 585 (S.D.N.Y. 2023) (concluding that sexual harassment claims must be plausibly alleged for the EFAA to apply because it is "well-known to Congress that federal courts use the plausibility standard to measure viable claims under Rule 12(b)(6)" and Congress "was aware that only viably pled (that is, plausible) allegations of sexual harassment law had the capacity to proceed past the pleading stage in federal court."). This Court finds the reasoning in *Diaz-Roa* most persuasive. There, the court listed several reasons why requiring sexual harassment claims to be plausibly pled would be

inconsistent with the EFAA. Among those reasons, it noted that plaintiffs commonly fail to state a claim in their initial complaint, only for the claim to survive after direction from the Court and an opportunity to amend. *Diaz-Roa,* 757 F. Supp. 3d at 537. This iterative process between courts and litigants is baked into the procedural rules governing federal practice. *See* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *see also Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (plaintiff should be afforded "at least one opportunity to amend his complaint"). To read the EFAA as requiring plausibility in order to survive a motion to compel would deny plaintiffs whose first pleadings were technically flawed the opportunity to amend, sending claims to arbitration that would have been clearly within the EFAA's scope if the plaintiff had submitted a better initial complaint.

Sending improperly pled but potentially viable claims to arbitration would be inconsistent with Congressional intent. In passing the EFAA, Congress expressed concern with arbitration's lack of transparency and its tendency to favor employers, stating that "victims of sexual violence and harassment are often unable to seek justice in a court of law … or even simply share their experiences." H.R. Rep. No. 117-234, at 3 (2022). Further, Congress criticized "office cultures that ignore harassment and retaliate against those who report it," and stated that the EFAA would "help to put a stop to the culture of silence that protects perpetrators at the cost of their victims." *Id.* at 4, 11.

There is one additional reason to find that Plaintiff does not need to plausibly allege sexual harassment in this case: Plaintiff is bringing a claim of retaliation. Giving effect to the full phrase "a dispute relating to conduct that is alleged to constitute sexual harassment," the Court has no trouble concluding that a plaintiff claiming that he was retaliated against for reporting

allegations of sexual harassment can claim the protections of the EFAA even if the underlying sexual harassment is not plausibly pled.

To adequately plead a retaliation claim under Title VII, a plaintiff must allege that he "engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity." *Luevano v. Wal-Mart Stores, Inc*., 722 F.3d 1014, 1029 (7th Cir. 2013). A complaint of discrimination constitutes statutorily protected activity. *Peters v. Renaissance Hotel Operating Co*., 307 F.3d 535, 550 (7th Cir. 2002). Further, a plaintiff must allege some facts from which one could draw the inference that the protected activity could have caused the adverse employment action. *See Cervantes v. Ardagh Grp.*, 914 F.3d 560, 566 (7th Cir. 2019). Notably, to state a valid claim of retaliation one does not have to plead or prove that the underlying conduct actually constituted discrimination or harassment under the law. *Luevano*, 722 F.3d at 1029. "Instead, it is sufficient if the plaintiff has a reasonable belief [he] is challenging conduct in violation of Title VII." *Id.*

If Defendant's argument is accepted, a plaintiff with a reasonable but mistaken belief about what constitutes sexual harassment could sustain a claim under Title VII for retaliation but would not be able to seek the protections of the EFAA. The Court finds no basis for this reading of the EFAA. As already noted, Congress's use of the phrase "relating to conduct that is alleged to constitute sexual harassment" indicates a desire to sweep broadly, not narrowly. And, in this Court's view, the phrase indicates a desire to protect – at the very least – conduct that is already protected under Title VII.

Here, Plaintiff has plausibly pled a claim of retaliation under Title VII. Plaintiff's report to his manager that female employees had been the victims of sexual harassment constitutes protected activity. *See Davis v. Time Warner Cable of Southeastern Wis., L.P*., 651 F.3d 664,

9

674 (7th Cir. 2011). Moreover, the timeline alleged in the complaint—*i.e.* that Plaintiff was

terminated two days after engaging in protected activity, despite years of positive reviews, and

allegedly for using sales techniques he was instructed by supervisors to implement—provides

circumstantial evidence of retaliation. *See Lang v. Ill. Dept. of Child. and Fam. Servs*., 361 F.3d

416, 420 (7th Cir. 2004) (finding circumstantial evidence of retaliation based on employee's

five-year record of positive performance reviews followed by sudden onslaught of negative

reviews after employee engaged in protected activity).

   The Court is not persuaded by Defendant's speculation that numerous plaintiffs will add

"bogus, implausible claims of sexual harassment to their viable claims, in the hope of end-

running arbitration agreements."  Doc. 25 at 7. Defendants always have the option to bring a

motion to dismiss implausible claims under Rule 12(b)(6) – either before or after bringing a

motion to compel arbitration. And in any event, this Plaintiff's claim – the only one before the

Court – is adequately pled. Title VII protects those who make outcries about sexual harassment

even when they are incorrect about whether the conduct was, in fact, sexual harassment under

the law. This is sensible: employers should welcome the opportunity to intervene and correct

inappropriate workplace behaviors before becoming subject to legal liability, and the law should

protect employees who are not legal experts. The legislative history of the EFAA indicates that

Congress had these same principles in mind when it passed the EFAA.

**CONCLUSION**

For the foregoing reasons, the Court finds that Plaintiff has pled an adequate case under federal and state law, which case relates to conduct alleged to constitute sexual harassment. Because the EFAA's requirements have been met, Defendant's motion to dismiss and compel arbitration is denied. Defendant's answer to the complaint is due by August 15, 2025.

Dated: July 24, 2025

_____
APRIL M. PERRY
United States District Judge